IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00047-PAB-KLM

AURORA BANK FSB, a Federal Savings Bank,

     Plaintiff,

v.

NETWORK MORTGAGE SERVICES, INC., a Washington corporation doing business as
NETWORK HOME LOANS,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Stay of Merits Disclosure and Discovery Pending Resolution of Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Extend the Deadline for the Scheduling Order 30 Days** [Docket No. 17; Filed June 17, 2013] (the "Motion to Stay"). Plaintiff has not yet responded to the Motion.[1]  In the Motion Defendant asks the Court to stay discovery "and other case obligations" in this case until District Judge Brimmer rules on its pending Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Memorandum in Support [#16] (the "Motion to Dismiss"). *Motion to Stay* [#17] at 8.  In the alternative, Defendant seeks a 30-day extension of the parties' deadline for submission of

_____

[1] Pursuant to D.C.COLO.LCivR 7.1C, the Court may rule on a pending motion at any time.

a proposed Scheduling Order.[2]  *Id.*

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (granting motion to stay until resolution of motion to dismiss premised on court's lack of subject matter jurisdiction); *Carty-Mauk v. Elliott*, No. 12-cv-02117-REB-KLM, 2013 WL 1876773, at *2 (D. Colo. May 3, 2012) (granting stay pending resolution of motion to dismiss); *Stienmier v. Donley*, No. 09-cv-01260-KMT-BNB, 2010 WL 1576714, at * 3 (D. Colo. April 20, 2010) (finding stay appropriate until court rules on motion to dismiss for lack of subject matter jurisdiction); *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may

---

[2]  The Court notes that the Motion to Stay was filed on June 17, 2013 which was also the parties' deadline to submit a proposed Scheduling Order.

be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiff other than delaying adjudication of its claims. Defendant states that even though Plaintiff opposes a stay pending resolution of the Motion to Dismiss, Plaintiff is unopposed to a 30-day extension of "submission of the scheduling order," showing that Plaintiff does not believe that initial discovery is urgent. *Motion to Stay* [#17] at 1. The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an *undue* burden.

3

However, Defendants are correct that proceeding will be wasteful if the Court grants their Motion to Dismiss [#16]. This litigation is in the very early stages and the Motion to Dismiss alleges that this Court lacks personal jurisdiction over Defendant. Further, "Defendant sets forth more than conclusory assertions as to why jurisdiction is lacking; [it] has made detailed factual allegations, supported by legal analysis" that it is not subject to personal jurisdiction. *Stienmier*, 2010 WL 1576714, at *2; *see also Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. April 27, 2012) ("Defendant has done more than offer conclusory assertions that jurisdiction is lacking . . . . In such a circumstance, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously."). In addition, there is currently a Scheduling Conference set for June 24, 2013 during which the Court will have to expend its time and limited resources. If the Motion to Dismiss [#16] is resolved in favor of Defendant, the Court's expenditure would be for naught. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

4

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#16] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#17] is **GRANTED** as follows: the Motion to Stay is granted to the extent it seeks a stay of discovery pending District Judge Brimmer's ruling on the Motion to Dismiss [#16].

IT IS FURTHER **ORDERED** that all discovery is stayed pending resolution of Defendants' Motion to Dismiss [#16].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for June 24, 2013, at 10:30 a.m. is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after resolution of Defendant's Motion to Dismiss [#16].

Dated:  June 19, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge